847 F.2d 842
 10 ITRD 1128
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BIOSCAN, INCORPORATED, Appellant,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Appellee.
 No. 87-1599.
 United States Court of Appeals, Federal Circuit.
 April 18, 1988.
 
 Before MARKEY, Chief Judge, DAVIS, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the final determination of the United States International Trade Commission (commission) finding no violation of section 337 of the Tariff Act of 1930, 19 U.S.C. Sec. 1337 (1982) (section 337) in its investigation of the importation of certain electronic chromatogram analyzers (analyzers). We affirm.
 
 OPINION
 
 2
 The investigation resulted from a complaint filed by Bioscan, Inc. (appellant) alleging unfair practices in the importation of analyzers which it asserts infringe claims 5, 8, and 9 of U.S. Patent No. 4,019,057 ('057). Appellant is the exclusive United States licensee of the '057 patent. The commission found that the analyzers were outside the scope of the '057 claims, literally and under the doctrine of equivalents, and that no domestic industry exists because appellant is not currently "exploiting the '057 patent." It also held claim 9 of the '057 patent invalid under 35 U.S.C. Sec. 112.
 
 
 3
 Claim interpretation is a question of law, with underlying factual determinations. Texas Instruments, Inc. v. United States International Trade Commission, 805 F.2d 1558, 1562, 231 USPQ 833, 834 (Fed.Cir.1986). When the meaning of essential terms not defined in the patent is in dispute, the court may consider extrinsic evidence, including expert testimony, in interpreting the claims. McGill, Inc. v. John Zink Co., 736 F.2d 666, 675, 221 USPQ 944, 950 (Fed.Cir.), cert. denied, 469 U.S. 1037 (1984).
 
 
 4
 Appellant's principal contention is that the commission erred in its construction of claim 5 of the '057 patent. The specification and prosecution history of the '057 patent do not reveal that the patentee intended the terms in dispute to have something other than their plain meaning. Appellant's expert testimony contrary to the plain meaning of the term "completely enclosed chamber" is insufficient to persuade us, as it failed to persuade the commission, that the chamber called for in the '057 patent is satisfied by appellant's or the accused analyzers. Therefore, we conclude that the commission correctly interpreted claim 5 and sustain its finding that neither appellant's nor the accused analyzers fall within the claims of the '057 patent.
 
 
 5
 The findings and conclusions concerning domestic industry are reviewable in accordance with 19 U.S.C. Sec. 1337(c) and 5 U.S.C. Sec. 706. See Corning Glass Works v. United States International Trade Commission, 799 F.2d 1559, 1565, 230 USPQ 822, 825-26 (Fed.Cir.1986). In a patent-based section 337 case, it "is a well-settled rule of long standing" that "the relevant domestic 'industry' extends only to articles which come within the claims of the patent relied on." Schaper Mfg. Co. v. United States International Trade Commission, 717 F.2d 1368, 1371, 219 USPQ 665, 667 (Fed.Cir.1983). As we noted above, we agree with the commission's conclusion that appellant's analyzers are outside the scope of the claims of the '057 patent, as construed. If appellant's analyzers are not within the '057 patent, and appellant, as exclusive licensee of the '057 patent, is not operating under the '057 patent license and has not authorized another to operate within it, then there is no domestic industry which is harmed by the importation of the accused analyzers.
 
 
 6
 Finally, appellant contests the commission's adoption of the administrative law judge's determination that claim 9 of the '057 patent is invalid under 35 U.S.C. Sec. 112. Where the claim is worded in such a way that the thing claimed is inoperative, the claim is invalid. See In re Corkill, 771 F.2d 1496, 1500-01, 226 USPQ 1005, 1009 (Fed.Cir.1985). The administrative law judge heard testimony from several experts on whether claim 9 was enabled, and concluded that the invention set forth in claim 9 is inoperative. We agree. Although persons skilled in the art would understand what claim 9 says, as written the claim describes a device which is inoperative, and therefore the claim is invalid under 35 U.S.C. Sec. 112.